UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ALIZA MORSE,

    Plaintiff,

v.                                                          CASE NO: 21-cv
                                                             HONORABLE:

VILLAGE OF KALKASKA, and
COLE NAGY, in his individual and official capacity,

    Defendants.

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** Plaintiff, **ALIZA MORSE**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for her Complaint against the above-named Defendants states as follows:

  1. Plaintiff is currently a resident of the Village of Kalkaska, County of Kalkaska,

State of Michigan.

2. Defendant Village of Kalkaska is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendant Cole Nagy is and/or was a police officer working and/or assigned to the Village of Kalkaska Department of Public Safety and at all times mentioned herein was acting under color of law, in his individual and official capacity, and within the course and scope of his employment.

4. All events giving rise to this lawsuit occurred in the Village of Kalkaska, County of Kalkaska, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983 as well as, a claim for attorney fees pursuant to 42 U.S.C. §1989.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. That on May 14, 2020, Plaintiff was walking down the street by her home on N. Coral in the Village of Kalkaska.

10. That Defendant approached Plaintiff in his squad car from behind her.

11. Defendant then got out of his squad car and Defendant told Plaintiff she was walking on the wrong side of the road to which Plaintiff replied, "I didn't realize there was a particular side of the road I had to walk on."

12. That Defendant replied "Yes, there is," in which Plaintiff told him she was recording him and walked away.

13. That Defendant then tackled Plaintiff to the ground and arrested Plaintiff.

14. That Plaintiff was taken to Kalkaska County Jail.

15. That Plaintiff's charges were dismissed.

16. As a result of Defendants' unlawful and excessive actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983—FALSE ARREST/IMPRISONMENT

17. Plaintiff realleges and incorporates by reference each and every paragraph of

this Complaint as though fully set forth herein.

18. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

19. At all material times, Defendant acted under color of law and unreasonably when he violated Plaintiff's Fourth Amendment rights when he falsely arrested and falsely detained Plaintiff without probable cause.

20. At all material times, Defendant acted under color of law and unreasonably when he violated Plaintiffs' Fourth Amendment rights when he arrested and caused to have charges brought against Plaintiff.

21. Defendant acted unreasonably in his duties when he falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

22. Defendant acted under color of law and is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

23. Defendant's illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of her constitutional rights.

24. Due to Defendant's actions and/or inactions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

### COUNT II
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983

25. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

26. At all relevant times herein, the individual Defendant acted under color of law, within the scope and course of his employment, and in his official and individual capacity.

27. Defendant violated Plaintiff's clearly established and federally protected right as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures as well as the

right to be free from the excessive use of force during the course of the arrest, when Defendant employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

28. The actions of the Defendant were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

29. Defendant is not entitled to qualified immunity because he violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

30. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendant, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT III
## VILLAGE OF KALKASKA CONSTITUTIONAL VIOLATIONS

31. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

32. Defendant Village of Kalkaska acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

33. That these customs and/or policies and/or practices included, but were not limited to, the following:

   a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

   b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

   c. Failing to adequately train and/or supervise police officers regarding the proper use of force;

   d. Failing to supervise, review, and/or discipline police officers whom Defendant Village of Kalkaska knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive force.

34. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

35. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

36. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

            Respectfully Submitted,
            CHRISTOPHER TRAINOR & ASSOCIATES

            **s/ Christopher J. Trainor**
            CHRISTOPHER J. TRAINOR (P42449)
            AMY J. DEROUIN (P70514)
            Attorneys for Plaintiff
            9750 Highland Road
            White Lake, MI  48386
            (248) 886-8650
            amy.derouin@cjtrainor.com

Dated: June 1, 2021
CJT/sls

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ALIZA MORSE,

    Plaintiff,

v.                                              CASE NO: 21-cv
                                              HONORABLE:

VILLAGE OF KALKASKA, and
COLE NAGY, in his individual and official capacity,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | |

**<u>DEMAND FOR TRIAL BY JURY</u>**

1

**NOW COMES** Plaintiff, **ALIZA MORSE**, by and through her attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

      Respectfully Submitted,
      CHRISTOPHER TRAINOR & ASSOCIATES

      **s/ Christopher J. Trainor**
      CHRISTOPHER J. TRAINOR (P42449)
      AMY J. DEROUIN (P70514)
      Attorneys for Plaintiff
      9750 Highland Road
      White Lake, MI  48386
      (248) 886-8650
      amy.derouin@cjtrainor.com

Dated:  June 1, 2021
CJT/sls